**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**TIMOTHY POPE**                                                                                                     **PLAINTIFF**

**VS.**                              **CASE NO. 4:16CV00373 PSH**

**NANCY A. BERRYHILL, Acting Commissioner,
     Social Security Administration**                                                      **DEFENDANT**

**ORDER**

Plaintiff Timothy Pope ("Pope"), in his appeal of the final decision of the Commissioner of the Social Security Administration (defendant "Berryhill") to deny his claim for Disability Insurance benefits (DIB) and supplemental security income (SSI), contends the Administrative Law Judge ("ALJ") erred: (1) in failing to fully and fairly develop the record; and (2) in determining his residual functional capacity ("RFC"). The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on January 8, 2015. (Tr. 28-70). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support Berryhill's decision. 42 U.S.C. § 405(g). The relevant period for purposes of Pope's disability determination is from September 15, 2011, through March 26, 2015.

At the administrative hearing, Pope testified that he was 34 years old, and made it through the ninth grade and a "little bit" of the tenth grade. (Tr. 35). Pope stated he didn't read well and had never done a job requiring math skills. Pope worked for seventeen years at a pickle plant, until the company went out of business. Pope's attorney asked, "Would you still be there if you could still

do it, if it was still there?" Pope responded, "Yeah." (Tr. 37). Pope described problems with anger and with getting along with others. He testified he had not worked since his last administrative hearing.[1] Pope also testified to suffering from arthritis, for which he wore a knee brace at the hearing, to headaches, a broken ankle due to a fall, to being able to stand for 30-45 minutes, to being able to walk only short distances, to blacking out 2-3 times a month, and to depression, including being suicidal 2-3 times a month. (Tr. 31-58). A vocational expert, Sarah Moore ("Moore"), testified that Pope's work at the pickle plant was light work. The ALJ posed several hypothetical questions to Moore, including one in which he asked her to assume a worker of Pope's age and education with an ability to perform light work with the following restrictions: the ability to occasionally climb, balance, crawl, kneel, stoop, and crouch; the ability to read only simple words and phrases; work would be limited to simple, routine, repetitive tasks in a setting where interpersonal contact was incidental to the work performed; and the supervision would be simple, direct, and concrete. (Tr. 65). Moore testified such a worker could perform the job at the pickle plant as it was performed by Pope.

The ALJ, in his March 2015 decision, found Pope had severe impairments of degenerative disc disease of the lumbar and cervical spine, hypertension, mood disorder, and anxiety disorder. The ALJ determined Pope's RFC to be for light work except he is able to perform work that involves only occasional postural activities; reading only simple words and phrases; simple, routine, and repetitive tasks; work in settings where interpersonal contact is incidental to the work being performed; and simple, direct, and concrete supervision. This RFC mirrored very closely the

---

[1] Pope sought disability benefits in an earlier case. The ALJ denied benefits on June 13, 2011, and Pope filed a lawsuit with this Court. Case no. 4:14cv374. The ALJ's decision was affirmed by United States Magistrate Judge Joe J. Volpe on May 4, 2015.

limitations contained in the first hypothetical question posed by the ALJ to Moore. The ALJ found Pope was "not entirely credible." (Tr. 17). The ALJ considered the objective medical evidence in the record, which included 2010 consultative examinations by Drs. Ott and Honghiran, as well as all the medical records during the relevant period. The ALJ also noted discrepancies in statements Pope made to medical care providers,[2] some noncompliance with medical care instructions, and the effective use of medication to control hypertension and hyperlipidemia.

*Failure to fully and fairly develop the record.* Pope faults the ALJ for giving "great weight" to the opinions of Drs. Ott and Honghiran because these consultative examinations were performed in 2010, prior to the relevant period for this case. Pope argues that the ALJ should not have relied upon these opinions. Instead, Pope urges the ALJ erred in failing to send him for new, updated consultative examinations.

Initially, although the ALJ assigned great weight to the opinions of Drs. Ott and Honghiran, he did not rely solely on these opinions. Rather, the ALJ carefully reviewed the medical records during the relevant period. These records reflect Pope sparingly sought medical care, and the care he sought was on occasion unrelated to the impairments which he alleged were disabling.[3] An overview shows that during the relevant period, Pope was treated in April and October of 2012 for chest pain but no heart disease was found. In fact, the discharging physician in April indicated Pope

---

[2] In February 2013 Pope told an emergency room physician that he had a heart attack the previous year and was hospitalized for two to three weeks. Although he was hospitalized for two days in April 2012, there was no diagnosis of a heart attack. (Tr. 19, 416). Also, in February 2014 Pope told medical personnel at the River Valley Christian Clinic that he had been hospitalized two weeks earlier due to black out spells. The record does not support this assertion. (Tr. 20, 565).

[3] Pope alleges he is disabled due to anxiety attacks, heart problems, "crippled in both legs," and eye sight problems with his left eye. (Tr. 279).

had normal coronary arteries and recommended he maintain an "active lifestyle." (Tr. 452). Pope sought treatment following a fistfight in January 2013, and the discharging physician noted an orbital fracture but also found "intact globes" and a "grossly normal eye exam." (Tr. 406-407). When Pope presented with chest pain in February 2013 the emergency room physician found no acute heart disease, noncompliance with taking medications, and concluded Pope "likely has chest pain from a non-cardiac source, possibly gastrointestinal." (Tr. 416, 421-423). In July 2013 Pope presented as a new patient at River Valley Christian Clinic ("RVCC"), where he would be seen nine times during the relevant period. With the exception of one visit where he complained of black out spells, the remaining visits were to obtain refills of prescription medications. In October 2013 Pope was treated at the emergency room after falling over a chair. Imaging testing showed no acute findings, and he was treated with over the counter pain medications. He was diagnosed with a contusion of the chest wall and a fracture medial malleolus left ankle, and a strain of right ankle. (Tr. 484-486).

The ALJ reviewed Pope's medical treatment during the relevant period and found it was consistent with the opinions offered by Drs. Ott and Honghiran. The ALJ considered sending Pope for a consultative examination, as this possibility was discussed at the administrative hearing. (Tr. 34). However, the inquiry now is whether the circumstances *required* the ALJ to send Pope for a consultative examination. We find the ALJ did not err in relying upon the record before him.

Although the consultative examinations occurred prior to the relevant period, they were a portion of the record upon which the ALJ based his decision. The parties agree that the ALJ has a duty to fully and fairly develop the record, even when the plaintiff is represented by counsel. Pope had counsel at the administrative hearing, and is represented by counsel in this case. Here, Pope's

Case 4:16-cv-00373-PSH   Document 15   Filed 03/17/17   Page 5 of 6

argument that the ALJ should have referred him for a consultative examination fails.  Pope alleged disability due to anxiety attacks, heart problems, leg problems, and eye sight problems with his left eye.  The objective medical evidence, both during the relevant period and shortly prior to the relevant period, was consistent and supports the ALJ's decision.  The ALJ's decision was well-informed, and the ALJ correctly noted that there was "no evidence of any significant change or deterioration in the claimant's level of functioning around his alleged onset date that would explain why he became disabled around this time."  (Tr. 21).  Under these circumstances, we find no error in the ALJ's reliance upon the record before him, and on his decision not to seek another consultative examination.  Pope's first argument for relief is without merit.

*ALJ error in determining Pope's RFC:*  Turning to Pope's claim of error in the RFC determination, we initially note that the credibility determination is a foundational piece of the RFC conclusion.  Here, the ALJ's credibility assessment was well supported.  Further, the RFC need not mirror the findings of any one physician, as the ALJ is not bound to choose any one physician and adopt his/her findings as the appropriate RFC.  Instead, it "is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations."  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).  Here, the ALJ found Pope capable of performing light work with numerous limitations.  The limitations take into account the ALJ's finding that Pope has a history of hypertension, which responds well to medication, and anxiety, and the ALJ's finding that otherwise Pope's medical records reflect "relatively normal functioning."  (Tr. 18).  In particular, the limitation on interpersonal contact in the workplace seems targeted toward Pope's anxiety issues.  We find substantial evidence supports the RFC calculation in this instance, and there is no merit to

this claim. The ALJ did not err in finding Pope could perform a limited range of light work.

In summary, we find the ultimate decision of Berryhill was supported by substantial evidence.  We are mindful that the Court's task is not to review the record and arrive at an independent decision, nor is it to reverse if we find some evidence to support a different conclusion. The test is whether substantial evidence supports the ALJ's decision.  *See, e.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012).  This test is satisfied in this case.

IT IS THEREFORE ORDERED that the final decision of Berryhill is affirmed and Pope's complaint is dismissed with prejudice.

IT IS SO ORDERED this 17th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE